IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ARBERLIE WALLER,                      )
                                      )
              Petitioner,             )
                                      )       1:14CV338
       v.                             )       1:05CR75-1
                                      )
UNITED STATES OF AMERICA,             )
                                      )
              Respondent.             )

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner Arberlie Waller, a federal prisoner, brought a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [1:05CR75-1, Doc. #28]. On May 2, 2005, Petitioner was convicted of possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1). Petitioner was sentenced to 110 months imprisonment to be followed by three years of supervised release. Petitioner completed his prison term and began his supervised release. However, the United States Probation Office filed a Supervised Release Violation Petition [Doc. #21] and an Amendment [Doc. #23], leading to his Petitioner's arrest. He is currently on release pending a final hearing on the Petition and Amended Petition. However, Petitioner subsequently filed his current Motion to Vacate [Doc. #28].

Petitioner raises a single claim for relief in his Motion, which is based on the decision of the Court of Appeals for the Fourth Circuit in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). Petitioner contends that his conviction under 18 U.S.C. § 922(g)(1) is invalid because the prior North Carolina state conviction listed in the Indictment as a predicate felony was not punishable by more than one year of imprisonment in light of Simmons. The Government filed

a Response, conceding, based on Simmons, that the prior North Carolina conviction alleged in the Indictment would not qualify as a predicate felony conviction in light of Simmons because, using the analysis set out in Simmons, Petitioner did not face more than a year of imprisonment for that conviction. Based on this determination, the Government concedes that relief should be granted.

In addition, the Government waives the statute of limitations.[1] The parties thus agree that pursuant to the § 2255 Motion, Petitioner's conviction under § 922(g) should be vacated.[2] In reviewing this matter, the Court notes that the offense listed in the Indictment is a Class H felony with a prior record level of III, sentenced in the presumptive range. Thus, the maximum sentence Petitioner faced for that offense under North Carolina law, as analyzed in Simmons, was 12 months or less. See N.C. Gen. Stat. § 15A-1340.17(c) and (d) (for offenses committed between Dec. 1, 1995 and Nov. 30, 2009). Therefore, having reached this conclusion and in light of the agreement of the parties, this Court will recommend that Petitioner's Motion be

---

[1] The Court construes this as a waiver of any waivable defenses that might otherwise apply, and the Court will proceed on the basis of that waiver. See Day v. McDonough, 547 U.S. 198, 202 (2006) (holding that it would be "an abuse of discretion to override a State's deliberate waiver of a limitations defense"); Wood v. Milyard, 132 S. Ct. 1826, 1830 (Apr. 24, 2012) ("A court is not at liberty, we have cautioned, to bypass, override, or excuse a State's deliberate waiver of a limitations defense."); see also Yeatts v. Angelone, 166 F.3d 255, 261 (4th Cir. 1999) ("[T]he issue of procedural default generally is an affirmative defense that the state must plead in order to press the defense thereafter.").

[2] Thus, the Government has taken the position that the claims raised are cognizable in these proceedings, at least with respect to defendants who were convicted under 18 U.S.C. § 922(g)(1) of being a felon in possession of a firearm or ammunition, but who do not have a requisite prior felony conviction in light of Simmons. Cf. Miller v. United States, 735 F.3d 141 (4th Cir. 2013) (vacating § 922(g)(1) conviction on a § 2255 motion based on Simmons and holding that "[f]or defendants convicted of possessing a firearm by a convicted felon under 18 U.S.C. § 922(g)(1), where the predicate conviction(s) supporting their § 922(g)(1) convictions were North Carolina felony offenses for which they could not have received sentences of more than one year in prison, Simmons also makes clear that those felony convictions do not qualify as predicate felonies for purposes of federal law, and those defendants are actually innocent of the § 922(g)(1) offense of which they were convicted").

granted based on <u>Simmons</u>, that his Judgment be vacated, and that the Indictment and the Supervised Release Violation Petition and Amended Supervised Release Violation Petition be dismissed. To the extent Petitioner made any payments toward the $100 special assessment, those amounts should be returned to him.

IT IS THEREFORE RECOMMENDED that Petitioner's Motion to Vacate, Set Aside or Correct Sentence [Doc. #28] be GRANTED, that the Judgment [Doc. #13] be VACATED, and that the Indictment [Doc. #1], Supervised Release Violation Petition [Doc. #21] and Amended Supervised Release Violation Petition [Doc. #23] be DISMISSED. To the extent Petitioner made any payments toward the $100 special assessment, those amounts should be returned to him.

This, the 12th day of June, 2014.

/s/ Joi Elizabeth Peake  
United States Magistrate Judge